FILED & JUDGMENT ENTERED
Steven T. Salata

Sep 18 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

In re:                                    )
                                          )
**PAMELA JEAN NITZSKY,**                   )          Chapter 13
                                          )          Case No. 14-30499
          Debtor.                         )
                                          )

### ORDER DENYING CREDITOR'S APPLICATION TO THE COURT FOR JUDICIAL ASSISTANCE DETERMINING THAT 11 U.S.C. § 362(b)(22) APPLIES

**THIS MATTER** is before the court for hearing upon the Application to the Court for Judicial Assistance Determining that 11 U.S.C. § 362(b)(22) Applies ("Application") filed by AH4R One Properties, LLC ("Creditor"). In the Application, the Creditor asserts that it is entitled to an exception from the automatic stay pursuant to § 362(b)(22). The court conducted a hearing on Tuesday, June 24, 2014. Attorney Annie Ellison appeared on behalf of the Creditor, and attorney Barbara White appeared on behalf of the Debtor.

The Creditor's Application sought to allow the enforcement of a state court Judgment in Action for Summary Ejectment

("Summary Ejectment") where the Debtor filed for bankruptcy after the entry of the Summary Ejectment, but, *importantly*, before the ten-day period to appeal the Summary Ejectment had expired. Upon review of the law and facts before the court, the court denies the Creditor's Application because the Creditor had not obtained a "judgment for possession" pursuant to the meaning of § 362(b)(22) before the Debtor filed for bankruptcy.

## FACTUAL BACKGROUND

In November of 2013, the Debtor entered into a lease agreement with the Creditor for certain residential property located in Mecklenburg County, North Carolina. Subsequently, the Debtor defaulted on rent payments. As a result, on February 28, 2014 the Creditor initiated proceedings to evict the Debtor per the summary ejectment process provided for under North Carolina law.

On March 17, 2014, the Creditor was awarded the Summary Ejectment after a hearing before a magistrate judge in Mecklenburg County. However, pursuant to N.C. GEN. STAT. § 7A-228, the Debtor had ten days to appeal the Summary Ejectment, which would have stayed eviction proceedings pending a de novo appeal before a North Carolina district court judge. The Debtor did not appeal the Summary Ejectment. Rather, the Debtor filed for Chapter 13 relief on March 27, 2014, which was the last day on

which the Debtor could appeal the Summary Ejectment.[1] The Debtor did not certify that there was a "judgment against the debtor for possession of debtor's residence" on her petition.[2] The Debtor did, however, identify the existence of the March 17, 2014 Summary Ejectment obtained by the Creditor in her Statement of Financial Affairs. In addition, on her Schedule D, the Debtor listed rent arrears owed to the Creditor in the amount of $2,894.00.

On review of the Debtor's petition, the Creditor concluded that the automatic stay did not apply to the Summary Ejectment because of the lack of indication that a judgment existed against the residence. Accordingly, the Creditor continued with the Summary Ejectment's enforcement. On April 10, 2014, the Creditor filed for a writ of possession, which was issued on April 14, 2014. On April 16, 2014, the Mecklenburg County Sheriff's Office posted a notice on the Debtor's residence that instructed the Debtor that she would be locked out of her residence on April 21, 2014. The Sheriff's Office changed the

---

[1] In the Application, the Creditor concedes that the Summary Ejectment became final on March 28, 2014 and not until then could the Creditor seek a writ of possession for the Debtor's apartment.

[2] The bankruptcy petition form asks a debtor to "check the box" on the petition if there is a judgment for possession against the debtor's residence. If there is a judgment for possession, the debtor may suspend the enforcement of the judgment through the procedures elaborated in § 362(l).

locks of the Debtor's apartment on April 21 but later replaced the locks upon consideration of the bankruptcy petition. The Creditor filed its Application on May 21, 2014.

## CONCLUSIONS OF LAW

There are two issues of law the court must decide. The first is what Congress intended "judgment for possession" to mean in the context of 11 U.S.C. § 362(b)(22). The court concludes that a judicial order must be final and non-appealable to qualify as a judgment for possession. The second issue is whether a judgment in action for summary ejectment secured under North Carolina law that is subject to appeal, but has not been appealed before a debtor files bankruptcy, qualifies as a judgment for possession. The court holds that it does not.

### 11 U.S.C. § 362(b)(22) AND "JUDGMENT FOR POSSESSION"

Per § 362(a)(3), the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The automatic stay, therefore, will apply to a state court judgment to evict a tenant for non-payment of rent unless an exception is otherwise provided for in the Bankruptcy Code. In 2005, Congress did provide such an exception with 11 U.S.C. § 362(b)(22), subject to § 362(l).

Per § 362(b)(22), the automatic stay will not apply to an eviction proceeding of a residential tenant provided the

4

landlord/creditor obtained a "judgment for possession" before the tenant/debtor files bankruptcy. If § 362(b)(22) applies, § 362(l) provides for certain procedures and requirements to prevent or delay the enforcement of a "judgment for possession." Importantly, though, the automatic stay will continue to apply to actions to evict a residential tenant if, *before the filing of the bankruptcy petition*, the creditor has not obtained a judgment for possession within the meaning of § 362(b)(22). Yet, the Bankruptcy Code does not define "judgment for possession," so the court must determine what this term means.

Citing In re Sweetenberg, the Creditor contends that its Summary Ejectment secured before the filing of the Debtor's petition amounts to a judgment for possession. In Sweetenberg, this court determined that § 362(b)(22) applied to a judgment in action for summary ejectment issued pursuant to North Carolina law and allowed the creditor to proceed with the eviction of the tenant/debtor. In re Sweetenberg, No. 12-31023, 2012 WL 1835517, at *4 (Bankr. W.D.N.C. May 18, 2012). Sweetenberg is distinguishable from this case, however, because the judgment in action for summary ejectment in Sweetenberg became final *before* the debtor filed for bankruptcy. Id. at *1—2. Here, the Summary Ejectment was not final because the Debtor still had the right to appeal when she filed. As such, Sweetenberg does not directly control the issues before the court.

The Debtor presents <u>In re Alberts</u>, 381 B.R. 171, a decision from the U.S. Bankruptcy Court for the Western District of Pennsylvania, in support for her argument that the Creditor did not have a judgment for possession. Unlike the debtor in <u>Sweetenberg</u>, the debtor in <u>Alberts</u> filed for bankruptcy before the state court judgment became final, allowing the <u>Alberts</u> court to determine that the creditor did not have a judgment for possession. <u>In re Alberts</u>, 381 B.R. 171, 179—80 (Bankr. W.D. Pa. 2008). Yet, the debtor in <u>Alberts</u> had taken the appropriate steps to appeal the judgment, entitling the debtor to de novo review in state court. <u>Id.</u> at 178. The debtor's appeal prior to filing bankruptcy was a substantial factor in the <u>Alberts</u> court's conclusion. <u>See id.</u> at 178—80. In this case, the Debtor has taken no steps to appeal the Summary Ejectment in state court. While the Debtor did have the right to de novo review of the Summary Ejectment when she filed her petition, the Debtor had not exercised that right. Accordingly, <u>Alberts</u> does not completely address the issues before the court.

At the same time, the court finds persuasive the <u>Alberts</u> court's discussion of the conventional meaning of "judgment" in discerning what Congress intended in § 362(b)(22). Acknowledging the lack of explicit guidance within the Bankruptcy Code, the <u>Alberts</u> court followed the lead of the United States Supreme Court by holding that "'where Congress uses terms that have

accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of those terms.'" Id. at 177 (quoting Field v. Mans, 516 U.S. 59, 69 (1995)). Given the lack of definition in the Bankruptcy Code, the conventional meaning of the term "judgment" will govern what "judgment for possession" means in the context of § 362(b)(22).

The Alberts court defines "judgment" as a "'*final* determination of the rights and obligations of the parties in a case.'" Id. at 177—78 & nn.7—8. (quoting BLACK'S LAW DICTIONARY (8th ed. 2004)). The finality requirement of the term "judgment" goes to its binding effect. Id. at 178. A judgment should be the "last word" in a dispute, affording the judgment's holder the right to act pursuant to the judgment's terms. See id. at 178 & n.8. The state court order in Alberts was not final because it was subject to de novo review after the debtor in that case appealed. Id. at 178—79. While the state court order in Alberts may have been labeled a "judgment," it lacked the requisite binding finality to qualify as a judgment per the term's conventional meaning, and in turn, as a judgment for possession under § 362(b)(22). See id. Consistent with the Alberts court's analysis, this court will look to a court order's substance, rather than its form, to determine whether the order qualifies as a judgment for possession. In accord with the common meaning

of "judgment," the court holds that a court order must be final and non-appealable to meet the definition of judgment for possession under § 362(b)(22).

**JUDGMENT IN ACTION FOR SUMMARY EJECTMENT & JUDGMENT FOR POSSESSION UNDER § 362(b)(22)**

Under North Carolina law, a magistrate judge issues a judgment in an action for summary ejectment if the judge determines that a tenant has unjustifiably defaulted on the payment of rent. N.C. GEN. STAT. §§ 7A-210, 42-26. Once granted, a judgment in action for summary ejectment is subject to appeal for a period of ten days. N.C. GEN. STAT. § 7A-228. Moreover, during the ten-day appeal period, an action to evict the tenant is stayed per N.C. GEN. STAT. § 1-310, so the holder of a judgment in action for summary ejectment may not execute on the judgment during the ten-day appeal period. Simply put, a judgment in action for summary ejectment is not final when it is subject to appeal. Accordingly, a judgment in action for summary ejectment secured under North Carolina law that is still subject to appeal when a debtor files a bankruptcy petition does not qualify as a judgment for possession under § 362(b)(22) because it is not a final and non-appealable court order.

## CONCLUSION

The Creditor secured the Summary Ejectment on March 17, 2014, so the Creditor could not have executed on it until March 28 when the appeal period expired. When the Debtor filed for

8

bankruptcy relief on March 27, 2014, the Summary Ejectment was still subject to appeal. Thus, the Creditor did not have a judgment for possession because the Creditor did not have a final and non-appealable court order before the Debtor filed for bankruptcy. Accordingly, the court holds that the exception to the automatic stay in § 362(b)(22) does not apply and **DENIES** the Creditor's Application to the Court for Judicial Assistance.

**SO ORDERED.**

This Order has been signed                    United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.